UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES JERROD SPIKES                                    CIVIL ACTION

VERSUS                                                 NO. 14-2968

WENDALL O'BERRY ET AL.                                 SECTION "H" (2)

## REPORT AND RECOMMENDATION

Plaintiff, James Jerrod Spikes, is a prisoner currently incarcerated in the Concordia Parish Correctional Facility in Ferriday, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Officers Wendall O'Berry, Kendall Bullen and Tobey Leos, Assistant District Attorney Leann Wahl, Michael Brister, Trudy Brister, the Bogalusa Police Department, 22nd Judicial District Court and 22nd Judicial District Attorney's Office. Spikes alleges that defendants have engaged in a conspiracy to make a false arrest and bring false charges against him for aggravated assault with a firearm and as a felon in possession of a weapon.

Spikes claims that the victim of the aggravated assault with a weapon, Michael Brister, fabricated the charges against him. He also claims that Brister's girlfriend, Chantel Walker, falsified her story as a witness to accuse Spikes of the shooting incident because she was coached to do so by defendant Officer O'Berry. He also claims that Officers O'Berry, Leos and Kendall Bullen, with the help of Assistant District Attorney Leann Wahl, conspired to drop other charges against Brister and proceed with these

charges against Spikes. Spikes asserts that he is currently being falsely imprisoned based on these conspiracy and false charges. Record Doc. No. 7 (Complaint and attachments).

As relief, Spikes seeks to "file criminal charges on all conspirators and be compensated for my pain and suffering." Id. (Complaint at ¶ V, p. 6.)

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on

an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed under 28 U.S.C. § 1915(e) as legally frivolous because it seeks relief against one defendant who is immune and otherwise barred under applicable United States Supreme Court law.

II. PROSECUTORIAL IMMUNITY

Assistant District Attorney Leann Wahl has been named as a defendant in this case based solely upon her actions as a prosecutor in connection with pending state court

criminal proceedings against Spikes. Because Spikes asserts claims against this defendant seeking "compensation" in her individual capacity, Wahl is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped

4

because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against Spikes in Washington Parish form the exclusive basis of plaintiff's claims against her. The assistant district attorney's actions in initiating and pursuing the prosecution of Spikes fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all damages claims against this defendant in her individual capacity must be dismissed.

III.     HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Spikes's complaint seeks declaratory and monetary relief arising from alleged constitutional deficiencies in his state court arrest, imprisonment and ongoing criminal prosecution. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has

not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present arrest and confinement. <u>Heck</u>, 512 U.S. at 479 (convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification

6

procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Spikes's complaint and attachments indicate that he was arrested on December 12, 2013; that at the time of filing this complaint, he was in custody in the Concordia Parish Correctional Facility; and that he was charged on January 20, 2015, by bill of information in Washington Parish Case No. 15-CR4-127264 with aggravated assault with a firearm upon Michael Brister and possession of a firearm by a convicted felon. Record Doc. No. 7 (Complaint at ¶s II & III(A), pp. 2 and 3); Record Doc. No. 7-1, p. 8 (Bill of Information). Furthermore, research by staff of the undersigned magistrate judge with

the clerk's office for the Washington Parish 22nd Judicial District Court confirmed that Spikes is currently detained in jail on these charges, which are still pending under Case No. 15-CR4-127264 and scheduled for trial. Neither his arrest nor his resulting confinement have been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, undermining his current confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

IV.     IMPROPER DEFENDANTS

Spikes has named the Bogalusa Police Department, Washington Parish 22nd Judicial Court and the Washington Parish District Attorney's Office as defendants. None of these defendants is a legal entity with the capacity either to sue or to be sued. Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. The 22nd Judicial District Court, the Bogalusa Police Department and the Washington Parish District Attorney's Office are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983.

Under Louisiana law, a police department is not a legal entity or person capable of being sued. Martin v. Davis, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (Berrigan, C.J.) (citing La. Rev. Stat. § 33:361; Causey v. Parish of Tangipahoa,

167 F. Supp. 2d 898, 909 (E.D. La. 2001); Manley v. State, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); Norwood v. City of Hammond, No. 99-879, 1999 WL 777713, at *3 (E.D. La. 1999); Boudreaux v. Bourgeois, No. 98-3809, 1999 WL 804080, at *3 (E.D. La. 1999); Dugas v. City of Breaux Bridge, 757 So. 2d 741, 744 (La. App. 3d Cir. 2000)); accord Hicks v. Page, No. 10-cv-0084, 2010 WL 2243584 (W.D. La. Feb. 26, 2010); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir.), writ refused, 352 So. 2d 235 (La. 1977). The Bogalusa Police Department is not a "person" for purposes of Section 1983 liability.

Likewise, a state court is not a person for purposes of suit under Section 1983. Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272, 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995); Moity v. Louisiana State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F. 2d 1141 (5th Cir. 1976).

Lastly, a district attorney's office is not an entity that can be sued under Louisiana law, nor is it a person capable of being sued under Section 1983. Burge v. Parish of St. Tammany, No. 91-2321, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997), aff'd in part, 187 F.3d 452 (5th Cir. 1999); cf. Steed v. Delohery, No. 96 Civ. 2449(RPP), 1998 WL 440861, *1 (S.D.N.Y. Aug. 4, 1998) (county district attorney's office is not a legal entity

capable of suing or being sued under New York law); Jacobs v. Port Neches Police Dep't, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law).

Under these circumstances, all claims against the Bogalusa Police Department, Washington Parish 22nd Judicial District Court and Washington Parish District Attorney's Office must be dismissed as legally frivolous.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** because it asserts claims that are legally frivolous against three defendants, against one immune defendant, under 28 U.S.C. § 1915(e)(2) and that are otherwise barred under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

      New Orleans, Louisiana, this   19th   day of March, 2015.

                JOSEPH C. WILKINSON, JR.
               UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.